## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

A.B., by his parents and next friends,        )
NATALIE, and CHRISTOPHER BEER          )
                                                            )
Plaintiffs,                                              )
                                                            )
vs.                                                       )
                                                            )
SHAWNEE MISSION SCHOOL              )
DISTRICT, UNIFIED SCHOOL               )
DISTRICT NO. 512, Johnson County,       )
State of Kansas                                       )
                                                            )
Defendant.                                           )
                                                            )

## COMPLAINT FOR ATTORNEYS' FEES AND COSTS

Plaintiffs, A.B., by his parents and next friends, Natalie Beer and Christopher Beer, allege as follows:

### INTRODUCTION

1.      On August 14, 2020, A.B. and his parents filed a 30-page due process complaint against the Shawnee Mission School District, Unified School District No. 512 (the "District" or "Defendant") with the Kansas State Department of Education.  The due process complaint alleged various procedural and substantive violations of the Individuals with Disabilities Education Act ("IDEA"), beginning in A.B.'s 2017-2018 school year and continuing at the time of filing.  Plaintiffs duly amended their due process complaint on February 5, 2021.

2.      After an unsuccessful mediation, the case proceeded to a six-day evidentiary due process hearing on April 15-16, 19-21, and 23, 2021.

3.    On July 23, 2021 and August 4, 2021, the hearing officer issued decisions finding in favor of Plaintiffs on virtually all of their claims.  The hearing officer found that the District substantively violated the IDEA and deprived A.B. of a free appropriate public education ("FAPE") beginning in A.B.'s 2018-2019 school year and continuing through present day, and awarded Plaintiffs relief to remedy the same.

## PARTIES

4.    A.B. is an eight year-old natural person, now in third grade within the District.  At all times relevant hereto, A.B. resided with his mother and father in Westwood, Kansas, within the Shawnee Mission School District.

5.    Natalie Beer is a natural person and A.B.'s mother and guardian.  At all times relevant hereto, she resided in Westwood, Kansas, within the Shawnee Mission School District.

6.    Christopher Beer is a natural person and A.B.'s father and guardian.  At all times relevant hereto, he resided in Westwood, Kansas, within the Shawnee Mission School District.

7.    Defendant Shawnee Mission School District, Unified School District No. 512, is a public school district located in Johnson County, Kansas that may be sued in its name pursuant to K.S.A. § 72-1131.

## JURISDICTION AND VENUE

8.    The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 20 U.S.C. § 1415(i)(3)(A).

9.    The Court has personal jurisdiction over Defendant because it is geographically located in the state of Kansas.

10.     Venue is proper in this district pursuant to 28 U.S.C § 1391(b)(1), (2).

## GENERAL ALLEGATIONS

11.     The IDEA's purpose is to ensure that "all children with disabilities have available to them a [FAPE] that emphasizes special education and related services designed to meet their unique needs."  20 U.S.C. § 1400(d).

12.     The District is a local educational agency that is obligated to provide educational and related programs and services to its students in compliance with the applicable federal and state statutes, regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. § 1400 *et seq.*, and the regulations promulgated thereunder.

13.     The District was and is responsible to identify, locate, and evaluate all children it suspects, knows, or should know is a child with a disability—a responsibility known as "Child Find."  *E.g.* 20 U.S.C. § 1412(a)(3); 34 C.F.R. § 300.111(c); *Cudjoe v. Indep. Sch. Dist. No. 12*, 297 F.3d 1058, 1066 (10th Cir. 2002); *Timothy O. v. Paso Robles Unif. Sch. Dist.,* 822 F.3d 1105, 1119 (9th Cir. 2016); *Boutelle v. Bd. of Educ.*, No. 17-1232, 2019 WL 2061086, at *9 (D.N.M. May 9, 2019); K.A.R. § 91-40-7.  Further, the District was and is responsible to develop, implement, and revise an IEP calculated to meet A.B.'s specific educational needs. 20 U.S.C. § 1414(d); 34 C.F.R. § 300.306(c)(2); K.A.R. §§ 91-40-8(f); 91-40-16(a).

14.     A.B. has Autism Spectrum Disorder, level 2, with an accompanying language impairment and Attention Deficit Hyperactive Disorder.  Level 2 means the individual needs substantial support.  Among other things, A.B. struggles with social development and behaviors that impede his learning or the learning of others.

15.     The District evaluated A.B. in the fall of 2017 and concluded he was not a child

with exceptionality.  *See* a true and accurate copy of the July 23, 2021 Notice of Hearing

Officer's Decision, attached hereto as Exhibit 1, at p. 30 ¶ 116.  A.B. continued to display

behaviors and social deficits, and Plaintiffs requested an evaluation in August 29, 2018.  Exhibit

1, at pp. 35-36 ¶¶ 153-155, 161.

16.     The District's subsequent evaluation extended much longer than it should have.  It

was inadequate with "significant deficits in skill assessment, observations, incorrect baseline

data, disciplinary data, evaluation data to develop goals, [and] behavioral data," resulting in a

November 20, 2019 IEP still in effect that is not reasonably calculated to enable A.B. to make

appropriate progress.  Exhibit 1, at pp. 213, 220, ¶¶ 151, 171.  Further, the District materially

failed to implement A.B.'s IEP and failed to revise it to address his anticipated needs.  *Id.* at pp.

215, 217, ¶¶ 156, 161-62.

17.     Plaintiffs filed their original due process complaint on August 14, 2020, bringing

claims against the District for numerous IDEA violations.  Highly summarized, Plaintiffs alleged

the District violated its Child Find obligations over a period of three school years; conducted an

inadequate evaluation process that extended well beyond the 60 school-day deadline without

parental consent; failed to timely develop and implement an IEP for A.B.; proposed and

implemented IEPs that were not reasonably calculated to enable A.B. to make progress

appropriate in light of his circumstances; failed to implement and revise A.B.'s IEP and/or

behavior intervention plan; failed to grant Plaintiffs' request for an independent educational

evaluation; and failed to tender numerous, required prior written notices.  Plaintiffs also asserted

claims to exhaust and preserve their rights arising under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, which the hearing officer dismissed prior to the hearing for lack of jurisdiction.

18.     The Parties participated in mediation on October 28, 2020, but did not reach an agreement.

19.     On November 3, 2020, the District tendered a purported offer of judgment to Plaintiffs pursuant to 20 U.S.C. 1415(i)(3)(D).  On November 13, 2020, Plaintiffs rejected the offer.

20.     The District resubmitted the same offer in a November 18, 2020 letter, but added an offer to pay a small fraction of Plaintiffs' accrued attorney's fees.  This offer did not comply with the statutory prerequisites governing offers of judgment set forth in 20 U.S.C. 1415(i)(3)(D) as it was not left open for the mandatory ten days.

21.     On July 23, 2021 the hearing officer issued a 222-page decision, finding in favor of Plaintiffs on virtually all of their claims. Exhibit 1.

22.     The hearing officer concluded that the District committed numerous substantive violations of the IDEA and deprived A.B. of a FAPE beginning in his 2018-2019 school year, and continuing today.  Exhibit 1, at pp. 206-222.

23.     Among other things, the hearing officer concluded the District breached its Child Find duties in the 2018-2019 school year by "[i]ntentionally engaging in a concerted effort to avoid identifying A.B. as a child with autism, in an attempt to prevent A.B. from receiving special education services, unreasonably prolonging the identification and evaluation process."

5

Exhibit 1, at p. 206, ¶ 119(a)(3).

24.     The hearing officer also concluded the District breached its Child Find duties in the 2019-2020 school year; failed to timely develop A.B.'s IEP; that A.B.'s IEPs were not reasonably calculated to enable A.B. to enable him to make progress appropriate in light of his circumstances; failed to revise A.B.'s IEP despite a recognize need to revise; failed to implement A.B.'s IEP and/or BIP; failed to provide student records requested by Plaintiff; failed to provide an independent evaluation requested by Plaintiffs; and committed procedural violations such that A.B.'s right to a FAPE was impeded, the parents' opportunity to participate in the decision-making process was significantly impaired, and A.B. was deprived of educational benefits as alleged in the amended due process complaint. Exhibit 1, at p. 206-223.

25.     The July 23, 2021 decision did not address relief necessary to remedy the District's deprivation of a FAPE to A.B.  Accordingly, by e-mail dated July 26, 2021, the hearing officer invited briefing regarding remedies for A.B.

26.     The District contended that the July 23, 2021 decision was final and could not be revisited to supplement the hearing officer's fact findings with an order of relief.

27.     On August 4, 2021, the hearing officer rejected the District's arguments, and issued a supplemental decision and award, finding that the District's deprivation of a FAPE to A.B. for years "is the trigger that both authorizes and requires a remedy, including comp[ensatory] education and other forms of relief."  The hearing officer did not award A.B. placement at a private school, but awarded virtually all of Plaintiffs' other requests for relief including, *inter alia*, ordering the District to:

a. Provide independent education evaluations to assess all of A.B.'s current educational needs;

b. Develop an individualized education plan ("IEP") for A.B. that includes additional para-professional support, a reading goal, social pragmatic goal, a new behavior reduction goal, completion of a functional behavior assessment and development of a behavior intervention plan by an independent board certified behavioral analyst ("BCBA");  behavior goals that focus on increasing pro-social replacement reduce problematic behavior, and; any additional services, goals, and other provisions as determined necessary by the IEP Team, in consultation with the evaluators and Plaintiffs, including the need for OT services to address A.B.'s fine motor skills;

c. Hire an independent special education IEP specialist to ensure that A.B.'s IEP is developed to meet his educational needs and make educational progress, and procure the IEP specialist for the 2021-2022 and 2022-2023 school years;

d. Hire an independent BCBA to complete the functional behavior analysis, develop a behavior intervention plan and oversee implementation of the same throughout the 2021-2022 and 2022-2023 school years;

e. Complete staff training held by the BCBA regarding implementation of A.B.'s behavior intervention plan and, separately, complete staff training on autism and applied behavior analytic school-based best practices;

f. Provide 25 hours of in-home ABA services for A.B.  during the 2021-2022 school

year;

g.   Provide 25 hours of tutoring for each of the 2021-2022 and 2022-2023 school years;

h.   Reimburse Plaintiffs $5,582.12 for costs associated with attendance at a private applied behavior analysis school, special education advocate expenses, and a private evaluation;

i.   Provide Plaintiffs with quarterly progress reports regarding A.B. that identify the observing staff, and attach copies of all underlying data collection;

j.   Develop an internal tracking system that allows and requires staff to document concerns related to suspected or known disabilities and further documents the District's actions related to those suspicions or knowledge, including periodic administrative review of the same, and;

k.   Pay Petitioners' attorneys' fees and costs.

A true and accurate copy of the hearing officer's August 4, 2021 Notice of Hearing Officers Supplemental Decision & Award is attached hereto as Exhibit 2.

28.   This Complaint seeks to recover attorneys' fees and costs as the prevailing party, a request which per the IDEA must be made to a court rather than to an administrative hearing officer. *See* 20 U.S.C. § 1415(i)(3)(B); K.S.A. §§ 72-3418(e), 72-3430(b)(12). Additionally, Plaintiffs seek recovery of attorneys' fees and costs associated with any appeal of the hearing officer's decisions, any court action related thereto, and the fees and costs incurred in bringing this action for attorneys' fees and costs.

29.     On August 20, 2021, Plaintiffs appealed certain aspects of hearing officer's decision to a review officer, pursuant to K.S.A. 72-3418(b).  Defendant also filed a notice of appeal of the hearing officer's decision on August 19, 2021.

30.     Plaintiffs anticipate a forthcoming motion to stay this proceeding pending the outcome of these appeals.

31.     Plaintiffs file this Complaint for attorneys' fees and costs prior to completion of the appeal process out of an abundance of caution, as the Tenth Circuit does not appear to have taken a definitive position concerning the limitation period applicable to a Kansas IDEA attorneys' fees action, Kansas law does not explicitly provide a limitations period applicable to the same, and there is a circuit split regarding the proper approach to fill the gap.  *See, e.g.,* K.S.A. 72-3430(b)(12) (providing the right to prevailing party attorney fees "as provided in the federal law" but not specifying a limitations period); *Bd. of Educ. of Gallup-McKinley Cty. Sch. v. Native Am. Disability Law Ctr.*, 959 F.3d 1011, 1013 (10th Cir. 2020) (concluding a New Mexico regulation required the filing of a fee petition within 30 days of the last administrative decision); *King v. Floyd Cnty. Bd. of Educ.*, 228 F.3d 622, 623 (6th Cir. 2000) (recognizing that IDEA contains no statute of limitations applicable to filing of suits for attorneys fees, the "circuit split as to the approach that should be followed in filling the gap," and comparing the varying approaches of the Seventh and Eleventh Circuits ranging from a 30-day limitations period to a four-year limitations period).

## CLAIM FOR RELIEF FOR ATTORNEYS' FEES AND COSTS

32.     A.B. and his parents incorporate by reference the allegations set forth above.

33.     Plaintiffs proved that the District committed numerous substantive violations of the IDEA beginning in A.B.'s 2018-2019 school year and continuing, as alleged in their amended due process complaint and resulting in a deprivation of a FAPE to A.B.  *E.g.* Exhibit 1, at pp. 205-206, 208-210, 212-219 ¶¶ 116, 120, 132, 137, 139, 149-153, 156, 158, 162, 164-165, 168; Exhibit 2.

34.     The hearing officer did not rule in Plaintiffs' favor on their child find claim pertaining to A.B.'s 2017-2018 school year.  Accordingly, Plaintiffs do not presently seek fees that exclusively concern that claim.  In the event that Plaintiffs prevail on this claim after the appellate process concludes, Plaintiffs seek recovery of attorneys' fees and costs related to the same.  Plaintiffs also do not seek fees or costs for attending mediation, or for Plaintiffs' retained experts.

35.     The hearing officer awarded virtually all of the relief requested by Plaintiffs as an alternative to the request for placement of A.B. at a private school.

36.     By virtue of succeeding on their significant claims and obtaining the relief described in above, A.B. and his parents are the prevailing party in this matter.

37.     As the prevailing party, Plaintiffs are therefore entitled to their reasonable attorneys' fees and costs pursuant to the IDEA.  20 U.S.C. 1415(i)(3)(B)(i)(I) and 34 C.F.R. 300.517(a)(1)(i).

38.     Neither the Plaintiffs, nor Plaintiffs' counsel, during the course of the action or proceeding, unreasonably protracted the final resolution of the controversy.

39.     The District's November 3, 2020 purported offer of judgment does not have the

effect of reducing Plaintiffs' attorneys' fees and related costs because, among other things, the hearing officer awarded relief that was more favorable to Plaintiffs than the purported offer of judgment. *See* 20 U.S.C. 1415(i)(3)(D)(i)(III).

40. Further, Plaintiffs were substantially justified in rejecting the District's offers. *See* 20 U.S.C. 1415(i)(3)(E).

41. The amount of the attorneys' fees and costs are reasonable and are consistent with the rates in the community for similar services by attorneys of reasonable comparable skill, reputation, and experience.

42. There are no special circumstances that would render the award of the full request unjust, nor was the time spent and legal services furnished excessive considering the nature of the action or proceeding. The District put forth a vigorous defense of its positions during these proceedings. Specifically, it made broad discovery requests requiring Plaintiffs to review in excess of 10,000 pages of documents and produce over 7,700 pages, and engaged in extensive motion practice. Further, the District produced over 7,000 pages of documents in discovery, and produced disorganized educational records necessitating substantial time to review. *See* Exhibit 1, at p. 63 ¶ 317 ("A.B.'s evaluation documents were confusing. There were multiple iterations of documents that had the same date or lacked any date at all and were not labeled as drafts or adopted documents."). The sheer volume of documents required substantial attorney time to review, evaluate, and identify relevant trial exhibits. For example, the Parties identified and exchanged 696 separate exhibits in advance of the hearing, and 133 exhibits were admitted at hearing.

43.     In addition, the complexity of this matter required the time Plaintiffs' attorneys devoted to the matter.  It was necessary for Plaintiffs' counsel to conduct extensive research and analysis of the law, gather and review numerous records, engage a doctor of clinical psychology to evaluate A.B.'s current levels, retain and prepare two expert witnesses to opine on various matters, such as the sufficiency of the District's evaluations, IEPs and BIPs, and recommendations pertaining to appropriate relief to remedy A.B.'s deprivation of a FAPE, and prepare Plaintiffs' case-in-chief that included numerous exhibits and seventeen witnesses.   And after the six-day hearing, the Parties collectively submitted approximately 584 pages of post-hearing proposed findings of fact and conclusions of law, and other briefing.

44.     Litigating this matter required at least $242,907.91 in reasonable legal fees and costs up to August 18, 2021.  This does not include potential fees and costs related to any appeals or the fees and costs for bringing this Complaint that accrued after August 18, 2021.

45.     A.B. and his parents request payment of $242,907.91 in legal fees and expenses incurred through August 18, 2021, and reserve the right to request additional fees and costs incurred after August 18, 2021.

## PRAYER FOR RELIEF

WHEREFORE, A.B. and his parents request this Court award them relief as follows:

A.  Judgment against the District for at least $242,907.91 in reasonable attorneys' fees costs;

B.  Judgment against the District for attorneys' fees and costs incurred in any appeal of the hearing officer's decision;

12

C.  Judgment against the District for attorneys' fees and costs incurred in bringing

this action for attorneys' fees and costs;

D.  Pre- and post-judgment interest to the extend allowed by law;

E.  Such other and further relief and the Court deems just and equitable.

BARBER EMERSON, L.C.

By s/ Matthew J. Rogers
    Terrence J. Campbell - #18377
    Bethany J. Roberts - #21240
    Matthew J. Rogers - #27667
    1211 Massachusetts Street
    Lawrence, KS 66044
    Tele:  (785) 843-6600
    Fax: (785) 843-8405
    tcampbell@barberemerson.com
    broberts@barberemerson.com
    mrogers@barberemerson.com
    *Attorneys for Plaintiffs*